## M. L. White *v.* Blanchard & Rodgers, Appellants.

*Contract—Evidence—Pleadings.*

On an appeal from a justice of the peace, the transcript of the justice showed that plaintiff claimed on an order drawn upon defendants. In his statement plaintiff in one clause claimed on the order, and in the second clause claimed the same amount for work done for defendants. At the trial defendants did not appear, and plaintiff testified that he had performed work for defendants as set forth in his statement, and that, after allowing a certain credit due them, the balance remained due and unpaid. He said nothing as to the order. *Held*, that it was not improper for the court to submit the case to the jury.

Argued Oct. 3, 1894. Appeal, No. 110, Oct. T., 1894, by defendant, from judgment of C. P. Forest Co., Nov. T., 1893, No. 30, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from magistrate's judgment. Before NOYES, P. J.

The transcript of the justice of the peace showed the following claim: "Plaintiff claims in assumpsit on an order drawn

by Peter Burket on the defendants for $48.75, date Sept. 2, 1893."

Plaintiff's statement was as follows :

" The plaintiff, during the month of August, 1893, and part of the month of September, 1893, worked at hauling bark, using his team, which bark was that of the defendants, and which work was done under the immediate direction of Peter Burket, who gave the following statement to said defendants, viz : 'Sept. 2, 1893, Mr. Blanchard and Rodgers please pay to M. L. White $48.75, forty-eight dollars and seventy-five cents, and oblige, Peter Burket.' Which bill or order the said defendants accepted and agreed to pay but which they have neglected and refused to pay.

, " And as a further statement the plaintiff avers that during the months of August and September, 1893, at the request of the said defendants, he worked for them, hauled bark to the amount of $48.75 and that the defendants have paid to this plaintiff a part of this claim by goods sold to this plaintiff out of their store, which was to be a credit on this work, but the plaintiff does not know the amount of said store bill, as he has not had a settlement therefor; that the balance of said work is due and unpaid and therefore this suit is brought."

Plaintiff testified as to the work done, its value, the amount of a small credit and that the balance was due and unpaid. No evidence was given as to the order. Defendants gave no evidence. The court left the case to the jury.

Verdict and judgment for plaintiff for $42.90.


*Errors assigned* were (1, 2) instructions as recited in the opinion of the Supreme Court, quoting them ; (3) that the judgment was erroneous.


*M. A. K. Weidner, A. A. Geary* with him, for appellant, cited : Berringer v. Iron Co., 41 Mich. 305 ; Lafayette v. Wortmer, 107 Ind. 404 ; Ingalls v. Eaton, 25 Mich. 32 ; act of May 10, 1881, P. L. 17 ; Maginn v. Bank, 131 Pa. 362 ; act of June 25, 1887, P. L. 271 ; Boyd v. Gordon, 6 S. & R. 51 ; R. R. v. Werner, 89 Pa. 59.


*T. F. Ritchey,* for appellee.

PER CURIAM, Oct. 15, 1894:

The first and second specifications relate to the charge of the court. The former quotes the instruction complained of thus: "The defendants do not appear, and have offered no evidence. If you believe the testimony of the plaintiff, he is entitled to recover the amount stated, $42.90. If you are satisfied that is the truth, we will take your verdict for that amount." The latter charges error in not instructing the jury that "Under the evidence and pleadings," plaintiff could not recover.

In narrative form, the substance of plaintiff's testimony is: that he worked for defendants,—hauled bark for them in August, 1893, to the amount of $48.75; that they were entitled to a credit for about $5.85, as nearly as he could tell, for store goods delivered by them; and that "the balance remains due and unpaid." In the absence of other testimony, this was quite sufficient to justify the instruction complained of. There is nothing in the pleadings to prevent a recovery for the balance indicated by plaintiff's uncontradicted testimony, provided the jury were satisfied as to its truthfulness; and, as to that, their verdict is conclusive. This disposes of the first two specifications, and leaves nothing on which to base the third and last assignment of error.

Defendants, in their history of the case, allege that, at time of trial, the plaintiff was "one of the associate judges on the bench." This is not only emphatically denied by the averment in the counter statement, that plaintiff "never was an associate judge; he is but a young man, only passed 21 years of age, and a laborer," but it is unsupported by anything in the record. If plaintiff's positive denial be true, the least that defendants should have done would have been to withdraw their erroneous allegation. The impropriety of injecting irrelevant and especially untruthful matter into any case must be manifest to every one.

In examining the paper-books, with reference to the above mentioned allegation and denial, we became satisfied that, on the merits, the defendants had no case, and therefore concluded to affirm the judgment as though the testimony and charge of the court were properly on the record. If we had determined otherwise, the result would have been substantially the same.

because there does not appear to have been any exception taken either to the admission of the testimony or charge of the court, and hence there is nothing, properly on the record, upon which to base the assignments of error.

Judgment affirmed.